# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **ESTATE OF MICHELLE KELLEY** )<br>By and through its Administrator, Jason )<br>Kelley, )<br> )<br>And )<br> )<br>**JASON KELLEY, individually as husband of** )<br>Michelle Kelley, and as father and guardian )<br>of O.K., a minor child. )<br> )<br>          **Plaintiff** )<br>v. )<br> )<br> )<br>**CAESARS ENTERTAINMENT, INC** )<br>**Serve: Corporation Service Company** )<br>112 North Curry St. )<br>Carson City, NV 89703 )<br> )<br>and )<br> )<br>EBCI Holdings, LLC, )<br>**Serve**: Robert Hull )<br>1100 Old Number 4 Road )<br>Cherokee, NC 28719 )<br> )<br>**and**<br><br>VICI Properties<br>535 Madison Avenue, 28th Floor<br>New York, NY 10022<br><br>And<br><br>Unknown Servers<br>Serve: Robert Hull<br>1100 Old Number 4 Road<br>Cherokee, NC 28719<br><br>          **Defendants.** | Civil Action No. 4:24-CV-140<br><br><br><br><br>Judge:_____ |

# COMPLAINT

Comes the Plaintiff, Jason Kelley individually and as personal representative of the Estate of Michelle Kelley, by counsel, and for his Complaint against Defendants, Caesar's Entertainment Inc., EBCI Holdings, LLC and VICI Properties, states as follows:

## INTRODUCTION

This is an action for damages arising from the death of Michelle Anne Kelley (hereinafter, "Kelley"). On March 28, 2024, Kelley was a patron at Caesar's Southern Indiana Hotel & Casino (hereinafter, "The Casino").

Plaintiffs seek redress for damages for his wrongful death, consequential damages, actual damages, punitive damages, attorney fees, recovery of costs and all damages flowing from the negligent, reckless, or otherwise tortious or illegal acts specified below.  As a result of the gross and unconscionable actions of the Defendants, the wrongful death of Kelley has devastated Kelley's estate and beneficiaries, caused her husband and child to suffer immense emotional harm, and the loss of love and affection of Kelley.

## JURISDICTION AND VENUE

This Court has diversity jurisdiction over this matter.  Michelle Kelley at the time of her death, was a resident of Westerville, Ohio. Jason Kelley is a resident of Westerville, Ohio.  The damages claimed exceed Seventy-Five Thousand Dollars ($75,000.00).  The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). The death of Plaintiff occurred in the Southern District of Indiana, and the tortious actions alleged herein also occurred in the Southern District of Indiana.

## PARTIES

1. Jason Kelley, husband of the deceased Michelle Kelley, brings this action in his representative capacity as the personal representative as the Administrator of the Estate of Michelle Kelley (hereinafter, "the Estate"). Jason Kelley, as Administrator, is authorized to bring this action pursuant to IC §34-23-1-1 on behalf of the Estate.

2. Jason Kelley, is also a Plaintiff in his individual capacity, and as father and guardian of O.K., a minor child and daughter of Michelle Kelley, and is a resident of Westerville, Ohio.

3. Caesar's Southern Indiana Hotel & Casino (hereinafter, "The Casino") is the premises where the tortious conduct of the Defendants took place, and where Kelley died on March 28, 2024.

4. Caesar's Entertainment, INC (hereinafter, "Caesar's", upon information and belief, operates the Casino insomuch as Caesar's exercises authority and/or apparent authority over the Casino premises. Caesar's advertises for the Casino, claims the Casino to be one of "our destinations" on its website, and the Casino boasts the name "Caesar's" on the building, on numerous signs inside the Casino and hotel, and on uniforms of the personnel at the Casino, including but not limited to the Unknown Server Defendants.

5. Defendant VICI Properties, (hereinafter, "VICI"), upon information and belief, owns the actual property where the Casino is located. VICI exercises authority and/or apparent authority over the casino premises. VICI boasts the name "Caesar's" on its website.

6. VICI Properties owns 54 dynamic gaming destinations, 39 other experiential properties and four championship golf courses located across the United States and Canada.

7. VICI Properties Inc. is an S&P 500® experiential real estate investment trust that owns one of the largest portfolios of market-leading gaming, hospitality and entertainment

destinations, including Caesars. "Caesars Southern Indiana" is specifically listed on VICI's website as an owned property.

8. Defendant EBCI Holdings, LLC (hereinafter, "EBCI") is, upon information and belief, a North Carolina limited liability company established by the Eastern Band of Cherokee Indians, a Tribal Government also located in North Carolina.

9. Defendant EBCI Holdings, LLC is a hospitality company, and exercises authority and/or apparent authority at the Casino by managing personnel who work at the Casino.

10. Defendant unknown servers were at all times relevant to this Complaint, upon information and belief, directly employed by EBCI.

11. The Defendants' conduct was intentional or grossly negligent and was indicative not only of deliberate indifference to, but active malice and a total and reckless disregard for the safety and life of Kelley, justifying an award of punitive damages in addition to the actual damages which Plaintiff is entitled to recover.

**FACTUAL ALLEGATIONS**

12. From March 26-28, 2024, Plaintiff Kelley stayed at Caesar's Hotel, Southern Indiana.

13. Plaintiff Kelley died in the early morning hours on March 28, 2024 at Caesar's Casino.

14. At the time of her death, Kelley's blood alcohol content was .222, nearly three times the per se legal limit.

15. On March 27 and into March 28, 2024 (the date in question) Kelley was served alcohol repeatedly by Defendant Unknown Servers at the Casino.

16. On the date in question, Kelley was served at least seventeen (17) alcoholic drinks prior to her death.

17. On the date in question, Defendants served Kelley an amount of alcohol that no reasonable Defendant could possibly believe to be safe.

18. On the date in question, Defendants, including Defendant Unknown Servers, served numerous alcoholic drinks to Kelley while she was visibly intoxicated.

19. The Defendants' actions in continuing to serve Michelle Kelley alcohol after she was visibly intoxicated, caused Kelley to be a risk of danger and harm to herself and others.

20. The alcohol served to Kelley by Defendants contributed to, and was a proximate cause of Kelley's death on March 28, 2024.

21. Kelley's death was caused by, and was the direct, proximate and foreseeable result of, the Defendants' actions and inactions as alleged herein, individually or in concert.

22. Kelley will never recover from the injuries she sustained as a result of the illegal conduct herein. Kelley experienced pain and suffering and has lost her life, her right to enjoyment of life, and her ability to earn a living.

23. Plaintiff Jason Kelley will never again be able to enjoy the love, affection, companionship and assistance of his wife, Michelle Kelley.

24. Michelle Kelley's minor daughter, O.K., had a genuine, substantial, and ongoing relationship with Michelle Kelley and is entitled to recover damages pursuant to the Indiana Wrongful Death Statute.

25. Defendants' actions, individually or in concert, were so willful, wanton, malicious and in utter disregard for Plaintiff's safety and life, as to warrant the imposition of punitive damages.

26. No reasonable Defendant would or could have engaged in the kind of conduct, in relation to Kelley, as alleged herein, nor could any Defendant believe that their actions were lawful in the light of the clearly established law and under the circumstances of the facts presented to them.

## COUNT I: NEGLIGENCE

27. The preceding paragraphs are incorporated herein by reference and made part of this Paragraph.

28. Defendants each breached their duty of care to Kelley.

29. Defendants breached their duty of care by failing to follow standard procedures.

30. Defendants breached their duty of care by failing to exercise reasonable care.

31. Defendants breached this duty of care by:

    (a) Failing to provide a reasonably safe premises.

    (b) Failing to adequately train and supervise employees, including security at the Casino, and Defendant Unknown Servers

    (c) Failing to adequately train and supervise hospitality management, who are responsible for overseeing security at the Casino and Defendant Unknown Servers.

    (d) Failing to adequately train and supervise Defendant Unknown Servers regarding the service of alcoholic beverages to intoxicated persons.

32. This breach of duty by the Defendants was the actual and proximate cause of the injuries sustained by Kelley and ultimately, Kelley's death.

33. Defendants Caesar's, VICI, and EBCI are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT II:  NEGLIGENCE PER SE

34. The preceding paragraphs are incorporated herein by reference and made part of this Paragraph.

35. Defendant owed a statutory duty of care to Kelley under IC §7.1-5-10-15.5 to refrain from serving alcohol to her when she was visibly intoxicated.

36. Defendant breached the aforementioned duty of care.

37. This breach of statutory duty by the Defendants was the actual and proximate cause of the injuries sustained by Kelley and ultimately, Kelley's death.

37. Plaintiffs suffered damages as a result of the injury inflicted by Defendants.

39. Defendants Caesar's, VICI and EBCI are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT III:  WRONGFUL DEATH

40. The preceding paragraphs are incorporated herein by reference and made part of this Paragraph.

41. The Defendants' actions directly caused the death of Kelley, resulting in damages to her estate and beneficiaries.

42. The wrongful acts of the Defendants in this case were willful and were grossly negligent, and punitive damages should be awarded.

43. Defendants Caesar's, VICI and EBCI are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT IV: LOSS OF CONSORTIUM

44. The preceding paragraphs are incorporated herein by reference and made part of this Paragraph.

45. Plaintiff Jason Kelley suffered damages including loss of care, love, affection, companionship and assistance as a result of the death of his wife, Michelle Kelley.

46. Plaintiff Jason Kelley is entitled to recover damages for loss of consortium pursuant to Indiana caselaw which recognizes that spouses may seek damages for "loss of care, love and affection" due to death of a spouse. This cause of action is recognized in numerous IN cases, including but not limited to *Durham v. U-Haul Int'l*, 722 N.E.2d 355 (Ind. Ct. App. 2000).

47. O.K. as minor child of Michelle Kelley had a genuine substantial and ongoing relationship with her mother, Michelle Kelley, and has lost the love, companionship, guidance and affection of her mother due to the negligence and wrongful acts of the Defendants in this matter.

47. The wrongful acts of the Defendants in this case were willful, reckless and were grossly negligent, and punitive damages should be awarded.

48. Defendants Caesar's, VICI and EBCI are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT V - VIOLATION OF INDIANA DRAM SHOP ACT
### (IND. CODE, SECTION 7.1-5-10-15.5)

49. Defendants served alcohol to Kelley, who was at the time a visibly intoxicated person.

50. The Defendants' act of serving alcohol to Kelley, who was at the time a visibly intoxicated person, contributed to Kelley's death.

51. The Defendants had served Kelley at least seventeen (17) alcohol drinks and had actual knowledge that Kelley was intoxicated.

52. The intoxication of Kelley was a proximate cause of the death, injury and/or damage alleged herein.

53. Defendants Caesar's, VICI and EBCI are also responsible for the tortious actions of Defendant Unknown Servers under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### DAMAGES

54. The preceding paragraphs are incorporated herein by reference and made part of this Paragraph.

55. Plaintiffs' physical, mental and emotional anguish and pain and suffering were unnecessary and preventable. Plaintiffs are entitled to recover for the wanton and unnecessary

pain and suffering they endured and for the wrongful death of Michelle Kelley. Plaintiffs are entitled to recover an amount reasonably calculated for the pre-death pain and suffering suffered by Kelley in addition to an amount calculated to be future lost wages and lost earning potential of Kelley. Plaintiffs are entitled to recover funeral expenses. Defendants' actions were grossly negligent and evidenced a total, reckless, and/or conscious disregard for Kelley's safety and life, entitling them to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

    **WHEREFORE,** the Plaintiff respectfully demand as follows:

1.    Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiffs for their injuries and damages, including, but not limited to, the future lost wages and earning potential of Kelley, funeral expenses, recovery for physical, mental and emotional distress, loss of love, affection and spousal consortium, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

2.    Damages for loss of parental love, affection, and substantial ongoing relationship.

3.    Punitive damages;

4.    Trial by jury;

5.    For any and all other relief the Court may deem appropriate.

    Respectfully Submitted,

/s/*Gregory D. Simms*  
Gregory Dean Simms  
Camry A. Kelsey  
MURPHY & ASSOCIATES PLC  
513 South Second Street  
Louisville, Kentucky  40202  
Telephone: (502) 618-4949  
Email: gds@louisvillefirm.com  
*Attorneys for the Plaintiffs*